**GOVERNMENT OF GUAM, Appellee**

v.

**IGNACIO A. CRUZ, Appellant**

Criminal No. 20-A

District Court of Guam

Appellate Division

March 19, 1962

———————

| | |
|---|---|
| *Counsel for Appellee:* | LOUIS A. OTTO, JR., *Attorney General;* HAROLD W. BURNETT, *Deputy Attorney General;* LEON D. FLORES, *Island Attorney;* EDWARD S. TERLAJE, *Deputy Island Attorney* |
| *Counsel for Appellant:* | ARRIOLA, BOHN & GAYLE |

Before SHRIVER, *District Judge, Presiding;* PEREZ, *Chief Judge,* Island Court of Guam

SHRIVER, *District Judge*

OPINION

The appellant was convicted of the offense of maintain-

ing a fishweir without a valid permit from the Director of Agriculture, contrary to the provisions of Section 12308, Government Code of Guam. On appeal he does not contend that he did not violate this section if the jurisdiction of the government of Guam extends to the submerged land upon which the weir was constructed. The appellant contends that only one question is presented on the appeal and that is as to whether the United States has title to submerged lands or tidelands adjacent to Guam. The appellant then cites a number of cases which held, in effect, that the title to such lands is in the United States. The appellant might well have cited the opinion of the Solicitor for the Department of the Interior issued under date of January 31, 1958, M-36449. In that opinion the Solicitor held that tidelands and submerged lands adjacent to Guam are owned by the United States and that the government of Guam has no administrative jurisdiction over such lands. As a result of this opinion the United States Congress enacted specific legislation to vest conditional title in the government of Guam to certain built-up land.

In its brief the government relies largely upon the District Court opinion in the case of *United States of America, Plaintiff, v. Jesus D. Borja, et al.*, Defendants. This was a case in which the United States charged the defendants with illegal fishing by explosives. The District Court held that the designation "Guam" included the adjacent waters; that in the Fish Restoration and Management Projects Act, as amended, 16 U.S.C.A. 777, et seq., the Congress recognized the interests of the government of Guam in such submerged lands; and that under the Organic Act of Guam the government of Guam was given control over such lands.

The present Judge of the District Court is in disagreement with certain portions of the *Borja* opinion, but it is not necessary in the instant case to determine the question

as to whether the United States is the exclusive owner of such lands, or whether the government of Guam has been given control over such lands. Section 631 of the Penal Code of Guam as printed by the United States Government Printing Office in 1947 contained the following provision:

*"Protection of fish. Fishweirs.*—(1) It is prohibited for any person to build or construct any fishweir without a license therefor.

"(2) The leaders or wings of fishweirs shall not exceed 100 yards in length, not including the sides of the pound. The distance between fishweirs shall not be less than 150 yards. No part of any fishweir shall be placed within 50 yards of any channel suitable for water transportation by small boats through the reefs or within 15 yards of the beach at low water, or within 200 yards of the discharge from any sewage pipe."

This provision was in effect at the time the Organic Act of Guam was enacted. Section 12308 of the Government Code of Guam was enacted in 1956 as a modification of the previously-existing law. Section 12308 provides:

"It shall be unlawful for any person to place or maintain a fishweir in the waters of Guam unless he holds a valid permit from the Director. Such a permit shall be issued by the Director when he has determined that such weir will be located and constructed so as not to unjustly restrict the fishing of others nor result in the violation of provisions of this Article and supporting regulations. A fee of one dollar ($1.00) per weir shall be paid to the Department for such a permit which shall be valid for only one year from date of issuance. The owner shall remove such weir from the water within thirty (30) days after the expiration of the permit unless the permit is otherwise renewed.

"It shall be unlawful for an owner of a fishweir to leave such weir in the waters of Guam unattended for a period of fifteen (15) days."

It will be noted that both laws prohibit fishweirs without a permit. In the case of *Silvestrie C. Mafnas v. The Government of Guam*, 228 F.2d, Ninth Circuit (1955), the Court stated:

"Mafnas appeals from a judgment and sentence of the United States District Court of Guam based upon an information charging him of involuntary manslaughter, a crime created by Congress in its provision in Section 25(a) of the Guam Organic Act (64 Stat. 384, 390–391).

'The laws of Guam in force on the date of enactment of this Act, except as amended by this Act, are hereby continued in force, subject to modification or repeal by the Congress of the United States or the Legislature of Guam, and all laws of Guam inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency.' "

Under the *Mafnas* case the penal laws of Guam in existence at the time of the passage of the Organic Act were considered offenses created by Congress, and in the absence of a showing that the prohibition against fishweirs is in conflict with any law of the United States, the offense of which the appellant was convicted was an offense defined by Congress.

However, it is not necessary to rely exclusively on the *Mafnas* case to support this conviction. A pilot case in the jurisdictional field is *Gromer, Treasurer of Porto Rico v. Standard Dredging Co.*, 224 U.S. 362 (1912). This case holds that the distinction made between local control of property and the exercise of government is a substantial one, and that even though a harbor area had been reserved to the United States, a dredge operating in the harbor was subject to the taxing power of Puerto Rico. A reading of this case convinces us that regardless of title to tidelands and submerged lands, the government of Guam was given jurisdiction over these areas in the application of its laws not in conflict with those of the United States. The conviction below is affirmed.